UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE SHIPP,

       Plaintiff,

v.                                                           Case No. 17-C-560

SGT. NATHAN WOLF,

       Defendant.

## DECISION AND ORDER

Plaintiff Terrence Shipp, who is currently representing himself, filed this action under 42 U.S.C. § 1983, alleging that Defendant Sergeant Nathan Wolf violated his constitutional rights through his deliberate indifference to Shipp's threats of self-harm which resulted in Shipp cutting himself with a razor. Currently before the court is Wolf's motion for summary judgment. For the following reasons, the motion will be granted, and the case will be dismissed.

## BACKGROUND

Shipp was housed in Waupun Correctional Institution's Restricted Housing Unit (RHU) at all times relevant to this case. Def.'s Proposed Findings of Fact (DPFOF) ¶¶ 1–3, ECF No. 31. Inmates housed in RHU are limited to the type of property they may have in their possession and may not have items that may threaten the safety of inmates and staff, such as razor blades.[1] *Id.* ¶ 4.

---

[1] Shipp attempts to dispute some of Wolf's proposed facts but merely objects to them. The court notes that each fact Shipp challenges is supported by evidence in the record, including the declarations of Wolf and other officers as well as other documentation. Shipp must do more than raise mere "metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).

Wolf claims that on March 17, 2017, Shipp told C.O. Dustin Eckberg that he was having a hard time and was depressed because of the St. Patrick's Day holiday. *Id.* ¶ 8. After their conversation, Eckberg reported to Sergeant Wolf that Shipp requested to see him, and Wolf arrived to Shipp's cell shortly thereafter. *Id.* ¶ 10. Wolf repeatedly asked Shipp why Shipp had requested to see him, but Shipp merely smiled at Wolf and did not respond. *Id.* ¶¶ 11–12. After receiving no response from Shipp, Wolf left Shipp's cell-front and continued on with his daily duties. Eckberg confirms that Shipp did not respond to Wolf's repeated questions. *Id.* ¶¶ 14–15.

Shipp disputes Wolf's version of events. He asserts that he told C.O. Eckberg that he was having suicidal thoughts and was going to cut himself. Pl.'s Proposed Findings of Fact (PPFOF) ¶ 3, ECF No. 39. Once Wolf arrived to his cell, Wolf asked, "What's up?" Shipp told him that he was having suicidal thoughts and was going to cut himself if he was not placed in clinical observation. *Id.* ¶ 8. Wolf responded that all of the talk of suicide was "weird," told Shipp to sit down, and walked away. *Id.* ¶¶ 9–10.

At some point following the interaction between Wolf and Shipp, Shipp cut himself with a razor and then tried to conceal the razor. DPFOF ¶¶ 16–17. Shipp does not dispute that he was prohibited from having a razor in his cell or that he never told either C.O. Eckberg or Sergeant Wolf that he possessed a razor. *Id.* ¶¶ 9, 19, 21.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for

2

summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel*, 612 F.3d at 937 (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Shipp's claim is predicated on the principle adopted by the Supreme Court in *Estelle v. Gamble* that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). This principle derives from the fact that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.* at 103; *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Shipp's claim differs from those at issue in *Estelle* and *Farmer*, however, in that the threat to his safety from which he claims Wolf failed to protect him was himself. Shipp claims he suffers from a severe mental disorder that relieves him of all responsibility for the self-destructive behavior he engages in while serving his sentence and renders those entrusted with his care responsible for any harm he does to himself. This type of claim is common in prisoner cases. *See, e.g.*, *Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882 (E.D. Wis. 2006); *Bowers v. Pollard*, 602 F. Supp. 2d 977 (E.D. Wis. 2009); *Goodvine v. VandeWalle*, No. 16-C-890, 2018 WL 460121 (E.D. Wis. Jan. 17, 2018). In this case, Shipp asserts Wolf ignored his requests to be sent to observation, which led to his harming himself.

To establish deliberate indifference in a case where the risk to an inmate's health and safety is a suicide, attempted suicide, or other acts of self harm, the plaintiff must show that the defendant "(1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarding that risk." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (citing *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003)). In other words, "[a]n official must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and the official 'must also draw the inference.'" *Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 776 (7th Cir. 2014) (quoting *Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999)). While prison staff are under an obligation to protect inmates from self-harm, *Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 889 (E.D. Wis. 2006), "[a] risk of future harm must be 'sure or very likely' to give rise to 'sufficiently imminent dangers' before an official can be liable for ignoring that risk." *Davis-Clair v. Turck*, 714 F. App'x 605, 606 (7th Cir. 2018) (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion)).

The parties dispute whether Shipp told Wolf that he experienced suicidal thoughts and planned to cut himself. Nevertheless, even if Shipp did notify Wolf of his intent to commit self-harm, Shipp has not established that Wolf recklessly disregarded a significant risk of imminent harm or was aware of facts from which he could infer that a substantial risk of serious harm existed. The record reflects that Wolf did not know that Shipp had a razor in his cell. Because inmates in RSU are limited in the items they may possess in restrictive housing, it is not unreasonable for an officer to believe that the inmate did not possess contraband that would aid him in self harm. It thus follows that it was not unreasonable for Wolf to believe that no imminent risk of harm existed. Shipp does not dispute that Wolf had no knowledge that he possessed a razor. Instead, he maintains that he

4

would have told an officer that he had a razor if he had been asked, though it is absurd to think that an inmate would confirm that he has contraband if asked. There is no basis to infer that Wolf knew Shipp had the means to harm himself or that the risk of future harm was sure or very likely. *See Davis-Clair*, 714 F. App'x at 606. Absent a showing that Wolf knew of an obvious risk that Shipp would cut himself with a razor but failed to help, Shipp's claim fails as a matter of law. *See Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 n.2 (7th Cir. 1996) (the court "assume[s] that Dr. Butler was aware of the existence of the [plastic] bags and the danger that they posed to Cole. If she was not aware, then she could not be liable.").

## CONCLUSION

For these reasons, Wolf's motion for summary judgment (ECF No. 28) is **GRANTED**. The Clerk is directed to enter judgment dismissing the case with prejudice.

**SO ORDERED** this   25th   day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
